ALBANY TELEPHONE COMPANY ET AL. v. J. B. TERRY.

Decided March 26, 1910.

**Telephone Company—Failure to Furnish Service—Not Liable, when.**

Two connecting telephone companies had an arrangement whereby they would handle calls between the stations of C. on the line of one and S. on the line of the other; neither of the companies offered to handle calls for the public between the stations of C. and R., the latter being a station on the same line but beyond S. Held, there being no duty imposed by law or contract on the companies either jointly or severally to afford means of telephonic communication between persons in C. and R., neither of said companies was liable in damages for a failure to furnish such communication.

Appeal from the District Court of Fisher County. Tried below before Hon. John W. Woods, Special Judge.

*Andrews & Presler,* for appellant Albany Telephone Company.— The court erred in refusing to give the jury special charge No. 1 requested by this defendant, such special charge being substantially as follows: "In this case under no phase of the 'evidence is the plaintiff entitled to recover as against the Albany Telephone Company, defendant, and you will therefore render your verdict in favor of said de-

fendant. Southwestern Tel. & T. Co. v. Flood, 51 Texas Civ. App., 341. On failure to give notice when call is put in: Western Union Tel. Co. v. Swearingen, 95 Texas, 421. On company's duty to deliver elsewhere than at place called for: Western Union Tel. Co. v. Sorsby, 29 Texas Civ. App., 345.

*A. P. Wozencraft* and *W. S. Bramlett,* for appellant Southwestern Tel. & T. Co.—The evidence unconflictingly showing that the Southwestern Telegraph & Telephone Company diligently delivered the call received by it from Mrs. Butler to its connecting line at Cisco, and no act or omission of said company having contributed to or caused a failure of delivery of notice of said call to plaintiff at Stamford, and the unconflicting evidence showing that said company was not engaged for the public in accepting and transmitting calls and permitting conversations thereon at and from Clarksville to Rotan, Texas, at the time Lemaster tendered said call to said defendant, it was error for the court to refuse to instruct the jury to return a verdict for the said company upon request made. Smith v. Western U. Tel. Co., 84 Texas, 362; Western U. Tel. Co. v. Lovely, 52 S. W., 564; Western U. Tel. Co. v. Sorsby, 29 Texas Civ. App., 345; Western U. Tel. Co. v. Taylor, 3 Texas Civ. App., 310; Western U. Tel. Co. v. Smith, 88 Texas, 9; St. Louis S. W. Ry. Co. v. White, 99 Texas, 359; Gulf, C. & S. F. Ry. Co. v. Looney, 85 Texas, 164.

The unconflicting testimony showing that the plaintiff was not in the town of Stamford on the day the call which Mrs. Butler put in was delivered to the Southwestern Telegraph & Telephone Company, neither said Company nor its connecting line owed any duty to the plaintiff to make delivery of notice of the said call to the plaintiff, and under such facts it was error for the trial court to refuse to instruct the jury, as requested by said company, to return a verdict for it on said call. Western U. Tel. Co. v. Swearingen, 95 Texas, 421.

*W. W. Kirk* and *H. C. Hughes,* for appellee.

SPEER, ASSOCIATE JUSTICE.—J. B. Terry, as plaintiff below, filed this suit against the Albany Telephone Company and the Southwestern Telegraph & Telephone Company, seeking to recover damages for the negligent failure of those companies in respect to three certain telephone calls tendered to them about August 2, 1907, relative to the serious illness of his brother, Martin Terry, at Clarksville. The trial resulted in a verdict and judgment in plaintiff's favor for five hundred dollars, and the defendants have appealed.

The undisputed facts, which are decisive of this appeal, show that the first call involved was put in by Mrs. Butler, a sister of appellee, at Clarksville, about five o'clock a. m., August 2d, to the Southwestern Telegraph & Telephone Company, whose line extends from Clarksville to Cisco, at which latter place the call was delivered to the Albany Telephone Company, whose line extends from Cisco to Stamford and Rotan. The Albany Telephone Company received the call, and made every effort to find appellee at Stamford, to which place the call was addressed, but he was not to be found there, having departed the day

before for Rotan. The Southwestern Telegraph & Telephone Company had an arrangement with the Albany Telephone Company whereby the two companies would handle calls for Stamford, but not for Rotan. Appellee in some way learned that he was wanted at Clarksville, and knowing of his brother's illness attempted to call up Dr. Dinwiddie at that place from Rotan over the lines of these appellants. The evidence further shows that on about August 6 one W. H. LeMaster, at Clarksville, put in a call for appellee at Rotan, but such call was refused for the reason already given. Neither of the appellants offered to handle calls for the public between the stations of Clarksville and Rotan. Appellee at no time after the first call by his sister, Mrs. Butler, was at Stamford. Under these facts the trial court should have given the requested instructions for appellants. There is absolutely nothing in the facts to show that any duty was imposed by law or contract on appellants, or either of them, to afford the means of telephonic communication between appellee at Rotan and any of the other parties at Clarksville.

The judgment is therefore reversed and here rendered for appellants.

*Reversed and rendered.*